**DISMISS IN PART AND DENY IN PART and Opinion Filed March 1, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00202-CV**

**IN RE ARTURO MEDRANO, Relator**

**Original Proceeding from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1034786**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Breedlove
Opinion by Justice Molberg

Relator was convicted of continuous sexual abuse of a child under fourteen years of age and sentenced to twenty-five years' imprisonment. In 2014, this Court dismissed relator's appeal because his notice of appeal was untimely. *Medrano v. State*, No. 05-14-00129-CR, 2014 WL 1018620, at *1 (Tex. App.—Dallas Mar. 4, 2014, no pet.) (mem. op., not designated for publication).

On February 26, 2024, relator filed the instant petition for writ of mandamus, which identifies the same trial court cause number as his dismissed appeal. Relator says he was charged with the offense of continuous sexual abuse and asks this Court to compel the trial court to respond to a Motion to Quash the Indictment and

Prosecution that relator purportedly filed in September 2023. He also asks this Court to compel the trial court to provide him "with due course and due process of law and dismiss this case and prosecution."[1]

To the extent relator asks this Court to compel the trial court to dismiss the case, we dismiss relator's petition. Relator's petition is in substance an application for post-conviction habeas corpus relief as he is attacking the validity of his conviction. *In re Autrey*, No. 05-22-01009-CV, 2022 WL 5113123, at *2 *Tex. App.—Dallas Oct. 5, 2022, orig. proceeding) (mem. op.). Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.05; TEX. GOV'T CODE ANN. § 22.221(d); *In re Turcios*, No. 05-21-01168-CV, No. 05-21-01169-CV, 2022 WL 202985, at *1 (Tex. App.—Dallas Jan. 24, 2022, orig. proceeding) (mem. op.).

To the extent relator asks this Court to compel Judge Chatham to rule on relator's motion, we deny relator's petition. Relator's petition does not meet the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief. *See In re Cantu*, No. 05-23-01131-CV, 2023 WL 7871643, at *1 (Tex. App.—Dallas Nov. 16, 2023, orig. proceeding) (mem. op.). Relator failed to certify that he has reviewed the petition and concluded that every factual statement

---

[1] Relator names the Honorable Andy Chatham as respondent in this original proceeding. But we take judicial notice that Judge Chatham no longer presides over the 282nd Judicial District Court in Dallas County, Texas; the Honorable Amber Givens now presides over that court.

is supported by competent evidence included in the appendix or record. *See* TEX. R. APP. P. 52.3(j). Relator also failed to support his petition with a sufficient record or appendix. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a). Although relator filed some documents with his petition, none of the documents are sworn or certified copies, as required by the rules. Further, relator provides some argument, but he does not provide briefing relevant to a request that we compel a trial court to rule on a pending motion. *See* TEX. R. APP. P. 52.3(h). Relator's petition is also captioned incorrectly and does not contain a list identifying the parties and counsel, a table of contents, an index of authorities, a statement of the case, a statement of the issues presented, or a statement of facts supported by citations to competent evidence included in an appendix or record. *See* TEX. R. APP. P. 52.1, 52.3(a)–(c), (d)(1)–(3), (f)–(g).

Additionally, relator's petition and appendix contain unredacted sensitive information, including a minor's name, in violation of the Texas Rule of Appellate Procedure. *See* TEX. R. APP. P. 9.9(a)(3), (b); *see also* TEX. R. APP. P. 9.10(a)(3). Accordingly, we strike relator's petition and appendix.

/Ken Molberg//

240202f.p05

KEN MOLBERG
JUSTICE

–3–